UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINTIN JONES,

      Plaintiff,

                                      Case No. 24-cv-11722

v.                                       Honorable Brandy R. McMillion

COMERICA BANK, MASTERCARD
INTERNATIONAL CORP.,

      Defendants.

_____ /

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

      This is a *pro se* civil rights case filed under 42 U.S.C. § 1983. Plaintiff Quintin Jones ("Jones") brings this suit against Defendants Comerica Bank ("Comerica") and Mastercard International Corporation ("Mastercard") for alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights under the U.S. Constitution. Jones alleges that on numerous occasions, Defendants fraudulently and wrongfully took monies out of his Comerica Mastercard Direct Express debit card account. ECF No. 1. The Court **SUMMARILY DISMISSES** the case because Jones fails to state a claim under 42 U.S.C. § 1983 for which relief can be granted.

## I.

Jones brought this *pro se* civil rights action under 42 U.S.C. § 1983, claiming violations of his Fourth, Fifth, and Fourteenth Amendment rights under the U.S. Constitution. ECF No. 1. As a complete statement of his claim, he alleges:

> That on numerous occasions between the months of march 2021 and September of 2022, I Quintin Jones has had monies taken out of his Comerica Mastercard direct Express debit card account, Direct Express has fraudulently and wrongfully accused the Plaintiff of committing ATM fraud of his own account, only to find out that Direct Express has knowingly, willingly and intentionally in turn, has committed fraud against plaintiff, investigations by Jones Legal Consultants of Detroit has revealed that Direct Express never did an investigation in response to plaintiffs complaints, the investigation by Jlc has revealed that defendants attempted to cover their wrong doing through their untruthfulness.

ECF No. 1, PageID.1. Jones claims that he has suffered "the loss of monies totaling $2,427.63" and seeks monetary relief of $80,000 punitive damages and $2,400 compensatory damages. *Id*.

## II.

Pursuant to 28 U.S.C. § 1915, Jones has been granted leave to proceed *in forma pauperis*. ECF No. 5. The Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

2

defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The standard of Federal Rule of Civil Procedure 12(b)(6) applies to determine whether the dismissal of a complaint is warranted under § 1915(e)(2)(B)(ii). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Courts liberally construe *pro se* civil rights complaints. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To state a federal civil rights claim, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*,

3

436 U.S. 149, 155-156 (1978).  Private parties can only be liable under 42 U.S.C. § 1983 where their actions may be "fairly attributable to the state." *Nugent v. Spectrum Juv. Just. Servs.*, 72 F.4th 135, 140 (6th Cir. 2023) (citing *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003)).

## III.

From what the Court can discern, Jones alleges violations of his civil rights against both Comerica and Mastercard because $2,427.63 was unlawfully debited from his debit card account.  *See generally* ECF No. 1 at PageID.1.  However, all of Jones's allegations are pointed to "Direct Express" – Direct Express has knowingly, willingly, and intentionally in turn, has committed fraud against plaintiff; Direct Express has fraudulently and wrongfully accused the Plaintiff of committing ATM fraud; and Direct Express never did an investigation.  *Id*.  However, there are no allegations directly alleged against Comerica or Mastercard.  Even inferring that the reference to Direct Express is implicitly referring to both Comerica and Mastercard, Jones has not alleged any facts which would state a claim under § 1983.

Both Comerica and Mastercard are private entities.  To sustain his civil rights claim, Jones must show that the defendants were "acting under the color of state law." *Jones v. Duncan*, 840 F.2d 359, 361-62 (6th Cir. 1988).  Jones has alleged no facts to support that conclusion at all.  And the Court can discern no theory that would support a claim for relief under §1983.  Even liberally construing the *pro se*

4

complaint, Jones has not pled any facts indicating that the actions of Comerica, Mastercard, or even Direct Express, can be fairly attributable to the state. *Nugent*, 72 F.4th at 140. Therefore, the Complaint must be dismissed.

## IV.

Accordingly, the Court hereby **SUMMARILY DISMISSES WITH PREJUDICE** the Complaint (ECF No. 1) in its entirety.

**This is a final order that closes the case.**

**IT IS SO ORDERED.**

Dated: July 15, 2024

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge